IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHANIE MARSHALL,

        Plaintiff,

    v.

FCCSEA, JUDGE PREISSE,
and MAGISTRATE WEBBER,

        Defendants.

Civil Action 2:21-cv-4992
Judge Sarah D. Morrison
Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff Stephanie Marshall brings this action against Defendants Franklin County Child Support Enforcement Agency ("FCCSEA"), Judge Preisse, and Magistrate Webber. (ECF No. 3.) This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), Defendants' Motion to Dismiss (ECF No. 4), Plaintiff's Opposition (ECF No. 6), Defendants' Reply (ECF No. 7), and Plaintiff's Amended Complaint and Motion for Summary Judgment (ECF No. 8).

Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) is **DENIED** because she paid the filing fee. Furthermore, the Court **DISMISSES** the case and **STRIKES** Ms. Marshall's Amended Complaint and Motion for Summary Judgment (ECF No. 8).

I. **BACKGROUND**

Plaintiff asserts claims against FCCSEA, Judge Preisse, and Magistrate Webber under the Family Support Act of 1988 based on a child support order ("Support Order") issued in her state domestic relations case, 18-AP-22. (ECF No. 3.)

Upon submitting her initial Complaint, Plaintiff also made a motion for leave to proceed *in forma pauperis*. (ECF No. 1). Plaintiff was ordered to submit a revised motion to provide the Court with a more detailed description of monthly expenses and additional sources of income. (ECF No. 2). She was also ordered to show cause why her Complaint brings a cognizable claim for relief. (*Id*.). Plaintiff did not comply with the Order to provide an affidavit, but rather paid the filing fee of $402 and submitted an Amended Complaint on October 18, 2021. (ECF No. 3).

According to Plaintiff's Amended Complaint, the FCCSEA has not garnished her wages per the Support Order, despite several attempts to prompt compliance. (*Id*.). She claims that the FCCSEA "had no issue garnishing her wages until she appealed the 18-AP-22 case to Judge Preisse." (*Id*.). Plaintiff also alleges Magistrate Webber and Judge Preisse failed in their judicial duty to enforce the Family Support Act and to hold FCCSEA accountable in withdrawing income in compliance with the Support Order. (*Id*.). She also dismisses Judge Preisse's statement that the FCCSEA was unaware of her employers' failure to perform the wage garnishment. (*Id*.). For relief, Plaintiff seeks to have her child support obligations waived from the time FCCSEA did not garnish her wages and "any

additional remedies due." (ECF No. 3, PageID 27.)

Defendants moved to dismiss. (ECF No. 4.) After that motion was fully briefed, Plaintiff filed an "Amended Complaint and Motion for Summary Judgment." (ECF No. 8.) Therein, without first obtaining leave to amend, she attempted to remove FCCSEA as a defendant and to add Franklin County in its place. *Id*. The remainder of that document is not a motion for summary judgment but rather a "Reply" to Defendants' Reply in Support of their Motion to Dismiss, again filed without leave. The Court therefore **STRIKES** Plaintiff's "Amended Complaint and Motion for Summary Judgment" (ECF No. 8) from the docket due to noncompliance with the federal and local civil rules.

## II.     RELEVANT STANDARD

Before the Court may determine whether a plaintiff has failed to state a claim upon which relief may be granted, it must first decide whether it has subject matter jurisdiction. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). Although Defendants fail to raise the issue, the Court may *sua sponte* raise the question at any time. *Cmty. Health Plan of Ohio v. Mosser*, 347 F.3d 619, 622 (6th Cir.2003).

Rule 12(b)(1) provides for dismissal based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A facial 12(b)(1) attack like the one present here "questions merely the sufficiency of the pleading." *Gentek Bldg Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)), and requires the Court to

3

"take[] the allegations in the complaint as true," *id*. The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. DISCUSSION

#### A. Domestic Relations Jurisdiction

Plaintiff's Amended Complaint pertains to matters of domestic relations. Long ago, the United States Supreme Court proclaimed that "[t]he whole subject of

4

the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 594 (1890). Relatively recently, the Sixth Circuit clarified that this rule applies to cases only where the plaintiff "positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795-96 (6th Cir. 2015) (quotation marks and citation omitted) (noting that federal courts may handle matters alleging, for example, the commission of torts or breach of contract "even if the matter involves married or once-married parties"). "When analyzing the applicability of the domestic-relations exception, we must focus on the remedy that the plaintiff seeks: "Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Id*. at 797.

Here, the answer to that question is yes. Plaintiff seeks modification and enforcement of a child support order. (ECF No. 3). And she specifically requests relief in the form of waiving her child support obligations during the period FCCSEA did not withdraw the payments from her employers. (*Id*.). So this is the type of case that the Supreme Court has left in the hands of the state courts, and dismissal is required for lack of subject matter jurisdiction. *Burrus*, 136 U.S. at 594 (child support and child custody issues remain under the jurisdiction of State courts).

The Court **DISMISSES** this action for lack of subject matter jurisdiction.

5

### B. No Private Cause of Action

Beyond that, Plaintiff has no cause of action here. She purports to bring the case under the Family Support Act. Family Support Act, Pub. Act 100-485. Yet, the Act does not create a private right of action. *Jones v. Missouri*, No. 2:14-cv-04087-NKL, 2014 U.S. Dist. LEXIS 129197, at *3 (W.D. Mo. 2014). *See De La Cruz v. Colon-Rondon*, 952 F. Supp. 2d 385, 386-8 (D. Puerto Rico 2013) (concluding no private cause of action exists for suit by parents for review of Puerto Rico's child support guidelines after examining Family Support Act and related legislative history). *See also Maynard v. Williams*, 72 F.3d 848, 854-55 (11th Cir. 2011) (rejecting private cause of action for suit to enforce Family Support Act provision for childcare services). As such, Plaintiff lacks standing to bring her claims and the case is **DISMISSED**.

### IV. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **DENIED** because she paid the filing fee. (ECF No. 1.)

Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED**.

The Clerk shall **STRIKE** Plaintiff's Amended Complaint and Motion for Summary Judgment (ECF No. 8) from the docket.

The Clerk shall terminate this case and enter judgment accordingly.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6